GIBBONS, Respondent, vs. THE WISCONSIN VALLEY RAILROAD COMPANY, Appellant.

*March 19 — May 15, 1886.*

RAILROADS: NEGLIGENCE.  *(1) Fire set by locomotive: Combustible material near track: Contributory negligence: Court and jury.*
PRACTICE.  *(2) Oral repetition of written charge: Reversal of judgment.*

1. Upon the evidence in this case it is *held* that the jury were justified in finding that the fire which caused the destruction of the plaintiff's lumber was set by the defendant's locomotive, although it was not defective and there was no negligence in its management; and the questions whether the defendant was negligent in permitting its right of way and grounds to become and remain incumbered with combustible material and *debris*, whether such negligence was the proximate cause of the destruction of the lumber, and whether the plaintiff was guilty of contributory negligence in piling his lumber near and upon the defendant's right of way, or in failing to employ a person to watch it, were properly submitted to the jury. *Murphy v. C. & N. W. R. Co.* 45 Wis. 222, distinguished.
2. It is not error for the trial judge to repeat from memory, at the request of the jury, a portion of his written charge, which the reporter had taken away.

APPEAL from the Circuit Court for *Wood* County.

Action to recover damages for the destruction by fire of a quantity of lumber, it being alleged that such fire was caused by the defendant's negligence. The facts will sufficiently appear from the opinion and from the reports of former appeals, in 58 Wis. 335, and 62 Wis. 546. There was a

verdict for the plaintiff, and from the judgment entered thereon the defendant appealed.

*C. W. Briggs*, for the appellant, to the point that, knowing the condition of the depot grounds and the uses to which they were put, the plaintiff assumed the risk incident to the piling of his lumber in such close proximity to said grounds, and cannot recover unless the defendant was guilty of gross negligence, cited *M. & W. R. Co. v. McConnell*, 31 Ga. 133; *N. C. R. M. Co. v. Hyland*, 94 Ill. 448; *Spear v. M., H. & O. R. Co.* 8 Am. & Eng. R. Cas. 722; *M., H. & O. R. Co. v. Spear*, 7 id. 486–517; *G. T. R. Co. v. Richardson*, 91 U. S. 454; *M. & W. R. Co. v. McConnell*, 27 Ga. 481–491; 2 Rorer on Railroads, 798; *Murphy v. C. & N. W. R. Co.* 45 Wis. 241.

For the respondent the cause was submitted on the brief of *G. W. Cate*. To the point that the jury were justified in finding that the fire was set by defendant's engine, in the absence of any proof or pretense that the fire originated in any other way, he cited *Brusberg v. M., L. S. & W. R. Co.* 55 Wis. 106; *Karson v. M. & St. P. R. Co.* 29 Minn. 14; *Woodson v. M. & St. P. R. Co.* 21 id. 60; *Sibley v. N. P. R. Co.* 32 Minn. 526; *Longabaugh v. V. C. & T. R. Co.* 9 Nev. 271.

COLE, C. J. This is the third appearance of this case in this court. See 58 Wis. 335; 62 Wis. 546. On the last trial there was no attempt to sustain the liability of the defendant on the ground that there was any defect in its engines, or any negligence in their management. The plaintiff claimed that the fire which occasioned the loss was caused by sparks or coals of fire escaping, either from engine No. 6 on the freight train, or engine No. 5 of the passenger train, which passed the station a little later in the forenoon. The trial court, in its charge to the jury on this point, said: "The undisputed evidence is that the defendant's engines numbers five and six were both, on the day in

question, in safe and perfect condition in all respects, and that they were in charge of competent engineers, and properly managed, and you are instructed that such facts are conclusively proven." The other ground of liability relied on was the negligence of the defendant in allowing combustible material, consisting of hemlock bark, old ties, and other dry rubbish, to accumulate and remain on or near its track or right of way, where it was liable to be set on fire by sparks and coals of fire escaping from its engines, even when properly constructed and skilfully managed. There was no direct evidence as to where or how the fire originated which destroyed the plaintiff's lumber. The plaintiff claims, and attempted to prove, that the fire started in a pile of ties near the track, and extended thence through the dry *debris* east to this lumber. There was no one about the station when the fire was first discovered, a short time after the passenger train had left the place. The counsel for the defendant insists that the fire could not have been caused by sparks or live coals escaping from either engine, because of the time which elapsed after they left the place and before it was discovered by any one. He says a spark or live coal lighting on this combustible material would, according to the evidence, at once, or in a very few moments, emit smoke or blaze so that it would have been visible to the persons present at the station after the passenger train passed. Therefore he insists the fire must have originated in some other way. But, in the absence of all proof that the fire was caused by some other agency, the jury were justified, we think, in finding that it was set by the defendant's engine. From the nature of things, no one could tell to a minute how long a spark or live coal would smoulder in this *debris* before it would burst into a visible flame. The witnesses naturally disagree in their opinions or conjectures on this subject. The most probable hypothesis, however, to account for the fire is that it originated from sparks es-

·caping from the defendant's engines, and lodging in the dry, combustible material on the right of way. There was ·evidence that engine No. 5 had set fires two or three days prior to and the day after the fire which destroyed the plaintiff's lumber; and it was for the jury to determine, ·upon the evidence, whether this or the other engine did set the fire on the 3d of May.

It was an indisputable fact that the depot grounds and right of way, in the immediate vicinity where the fire was claimed to have originated, was incumbered with a great quantity of combustible material and dry *debris*, which would readily ignite if a spark or live coal lighted upon it; and the circuit court fairly and rightly submitted the question whether, under the circumstances, it was negligence for the defendant to permit its right of way and grounds to remain in that condition. The jury were clearly and distinctly instructed that in order for the plaintiff to recover they must be satisfied, by a fair preponderance of the evidence, that the defendant was not only guilty of negligence in allowing its grounds and right of way to be in that condition, but that this negligence was the proximate cause of the destruction of plaintiff's lumber, and that the plaintiff himself was without fault. This ruling was in accord with the doctrine of this court as announced in this case on the first appeal, and in other decisions. It is most emphatically stated by Mr. Justice ORTON, in the opinion in 58 Wis., "that it is a question of fact for the jury whether, in any particular place, it was negligence to so leave such material, on or near the track, on the grounds of the company, liable to be ignited by sparks emitted by engines;" and that this was the rule as settled by the great weight of authority elsewhere, and by this court. It is said that the accumulation of this *debris* was unavoidably caused by the uses to which the depot grounds were put, as places for piling ties, tan-bark, wood, and lumber for shipment. But this sugges-

tion is well answered by counsel on the other side with the remark that the defendant was bound to exercise reasonable care, under the circumstances, to keep its depot grounds and right of way free from the accumulation of dangerous and inflammatory material, and that there is no evidence that such a condition of things as existed was unavoidable, or could not have been prevented with ordinary prudence.

The next question is as to the contributory negligence of the plaintiff. His lumber was piled near the depot grounds, one pile being placed eight or ten feet within the right of way, with the *debris* near and about it. The lumber was placed there for shipment, but the plaintiff had not notified the defendant that he intended to ship it, nor had he procured its consent to pile any lumber on its grounds. He states that he cleared the ground where his lumber was piled of all refuse or inflammable material. But it said that he was guilty of gross negligence in piling his lumber where he did, without taking any precaution to protect it against fires by having a watchman on the ground to look after it. On the other hand, it is said that there is no pretense that the lumber was set on fire by sparks from the engine, or otherwise than by fire communicated to it from the right of way; that the business of the defendant at that station was the shipping of lumber products; and for that purpose lumber, shingles, bark, ties, etc., had to be piled somewhere near the right of way for the convenience of loading them on the cars; that this lumber was in fact piled at the usual and customary place for depositing lumber intended for shipment; that the pile placed within the right of way did not essentially increase the danger to the balance of the lumber, or add to the combustible material which was the real cause of the spreading of the fire. Whether the plaintiff acted with ordinary care and prudence, under the circumstances, in placing his lumber where he did was, we think, a question for

the jury.  In view of the facts, we do not feel justified in affirming, as a matter of law, that he was guilty of contributory negligence.  The court told the jury there could be no recovery if the plaintiff, by failing to employ a person to watch his lumber, or in placing a portion of it within the right of way, or in any manner whatever, was guilty of negligence which contributed to the loss; thus submitting the question of the plaintiff's negligence as a fact for the jury to determine.  This, we think, was the proper course to pursue.

We have examined the cases cited by defendant's counsel to the point that the plaintiff assumed the risk incident to placing his lumber in such close proximity to the ground, and think they fail to sustain his position.  We shall not examine these cases in detail in this opinion.  The facts in *Murphy v. C. & N. W. R. Co.* 45 Wis. 222, are quite unlike this.  Besides, there the trial court refused to submit the question of contributory negligence on the part of the plaintiff.

In this case all questions involved in the issue were submitted under a charge which stated the law applicable to the facts disclosed on the trial.  The exceptions to the charge, therefore, as given, and the exceptions to the refusal to give the instructions asked on the part of the defendant, are not deemed well taken.

It is said the judgment should be reversed because the circuit judge gave oral instructions to the jury on their returning into court and asking that he read to them that portion of his charge relating to contributory negligence. The circuit judge stated that his written charge had been handed to the reporter, who had gone home; therefore he could not read it, but, if the jury desired, he would restate it as near as he could remember it, and did so.  We infer that what the circuit judge did was to substantially restate

his written charge. This does not afford any ground for reversing the judgment, under sec. 2853, R. S.[1]

*By the Court.*— The judgment of the circuit court is affirmed.

See note to this case in 28 N. W. Rep. 173.— REP.

---

[1] Sec. 2853, R. S., is as follows: "Upon the trial of every action, the judge presiding shall, before giving the same to the jury, reduce to writing and give as written his charge and instructions to the jury, and all further and particular instructions given them when they shall return after having once retired to deliberate, unless a written charge be waived by counsel at the commencement of the trial; and except that the charge or instructions may be delivered orally when taken down by the official phonographic reporter of the court. Each instruction asked by counsel to be given the jury, shall be given without change or modification the same as asked, or refused in full. If any judge shall violate any of the foregoing provisions, or make any comments to the jury upon the law or facts on the trial, in any action, without the same being so reduced to writing or taken down, the judgment rendered upon the verdict found on such trial shall be reversed upon appeal or writ of error upon the fact appearing. The judge shall require the phonographic reporter to take down all that he may say during any jury trial to the jury, or to counsel in their presence, of or concerning such cause."