# Deason *v.* Alabama Great Southern Ry. Co.

## *Setting Out Fire.*

(Decided April 22, 1914. 65 South. 172.)

1. *Railroads; Fires; Prima Facie Case.*—A prima facie case of negligence in setting out fire is made by showing that plaintiff's property was burned by fire set by sparks from a locomotive operated by defendant.

2. *Same; Defenses.*—Where a prima facie case is made out, to defeat a recovery, the railroad must show itself free from negligence in the construction, equipment or operation of its locomotive, or if the fire started on its right-of-way, must show itself free from negligence in the condition of its right-of-way.

3. *Same; Res Ipsa Loquitur.*—The mere fact that a fire occurred on premises adjacent to a railroad track will not of itself support an inference that it was caused by sparks escaping from a locomotive, even if the fire occurred just after a train passed along.

4. *Same; Jury Question.*—Under the evidence in this case it was for the jury to determine whether the fire complained of was caused by sparks emitted from defendant's locomotive.

5. *Evidence; Judicial Notice; Railroads.*—It is a matter of common knowledge that railroad locomotives in common use carry fire and emit sparks, especially when pulling a heavy load up a steep grade which requires an extraordinary working of the steam exhaust, and that a strong wind may carry such sparks to a considerable distance, and that they may readily set fire to any dry and inflammable material upon which they happen to fall.

6. *Witnesses; Contradicting Own.*—Where a witness testified that on returning home about 11 o'clock at night he saw a heavily loaded freight train pass the house which was thereafter discovered to be on fire, and that the locomotive was emitting sparks, the question to him as to what time he left home cannot be said to raise a contradiction.

APPEAL from Tuscaloosa County Court.

Heard before Hon. H. B. FOSTER.

Action by T. S. Deason against the Alabama Great Southern Railroad for damages for setting out fire. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

The residence premises of plaintiff was destroyed by fire alleged to have been caused by sparks emitted from

one of defendant's passing locomotives. Defendant introduced no evidence, and the evidence for plaintiff showed the following facts: Plaintiff's house was situated about 125 feet distant from the defendant's main track. It was a two-story frame house, with two rooms above and two below, with a one-story L. addition, embracing the dining room and kitchen, and a porch covered with rotten shingles ran with the L in the rear of the house. Where the porch joined the building, there was an accumulation of dead leaves from a nearby tree, which had lodged in the valley. The house faced the railroad on the north, and the L porch was on the south side, away from the railroad, and about 10 feet lower than the main building. The first was discovered by the inmates of the house about 1 a. m., and all of them testified that the fire was then burning on the roof of the back porch where the leaves were accumulated, and that it spread from this point. There had been no fire in the house or dining room or kitchen since 11 a. m. of the previous day, except the oil lamps lit by the inmates for a short time when retiring, and which were all extinguished at that time. The season was October; the weather was very warm and dry. Previous to the fire at a time of night not estimated, one of the inmates was awakened by a train going north. Oscar Frank testified that he had been possum hunting that night, and, returning, passed within about 300 yards of plaintiff's house. At that time he saw a train going north pulling very hard and about to stall. While passing along in front of the house, the engine was emitting sparks—a whole lot of them—some as large as the end of one's finger, and the train pulled in and stopped on the side track. He said he had no time-piece, but that his best judgment, as near as he could come at it, was that this was between 10 and 11 o'clock. Plaintiff's counsel asked

this witness what time of the day he left home. Defendant objected to this question as incompetent and immaterial, and the objection was sustained. M. M. White, who lived near the station, about a quarter of a mile from plaintiff, and about 150 yards from the railroad track, was awakened before the fire occurred about 12 o'clock, as he estimated it without a timepiece, by a passing train of cars pulling heavily. He went to the fire, and while there saw a train standing on the track. Other witnesses also saw a train at that time, and some testified that it pulled away towards the north while the fire was in progress. Sid Quarles, who lived some several hundred yards away from plaintiff, and near the railroad track, testified that he had previous to this fire noticed trains at night moving upgrade near plaintiff's house, with the engines emitting large sparks, and that shortly before plaintiff's fire he had on several occasions seen freight trains pulling up the heavy grade there, emitting large sparks, which fired the grass along there in his orchard. Several witnesses testified that on the night of the fire, or while the fire was burning, the wind was blowing from the railroad towards the house; plaintiff testifying that it was a strong wind, blowing hard, and blowing from the railroad towards the house. At the conclusion of the evidence, the court directed a verdict for defendant at its request.

OLIVER, VERNER & RICE, and JAMES RICE, for appellant. The case made by the evidence·was a prima facie case requiring the submission to the jury, and cast upon defendant the burden of showing proper equipment and handling of the locomotive.—*L. & N. v. Reese,* 85 Ala. 501; *Farley v. M. & O.,* 149 Ala. 559; *So. Ry. v. Dickens,* 161 Ala. 141; *A. G. S. v. Demoville,* 167 Ala. 292. It is res ipsa loquitur.—*So. Ry. v. Collins,* 60 South. 95; *So. Ry. v. Dickens, supra.*

A. G. & E. D. SMITH, for appellee. There was no error in the rulings on the evidence as the answers were not relevant, or the questions did not show on their face what purpose the answer would subserve.—*Carlisle v. A. G. S.*, 166 Ala. 591; *Harris v. Basden,* 50 South. 321. Plaintiff entirely failed to carry the burden, and as the answer could not under any circumstances tend to make out the prima facie case, the error was without injury. —Authority supra. The witness was plaintiff's own witness and he could not contradict him by showing what time he left home to go possum hunting. The whole case is one of speculation and the court properly directed a verdict for the defendant.—*L. & N. v. Malone,* 109 Ala. 509; *L. & N. v. Reese,* 85 Ala. 501; *Johnson v. B. R. L. & P.,* 43 South. 33; *So. Ry. v. Gullat,* 150 Ala. 318; *So. Ry. v. Dickens,* 161 Ala. 144, a careful analysis of which case is invited.

SOMERVILLE, J.—Where the plaintiff has shown that his property was burned by fire caused by sparks from a locomotive operated by the defendant railroad company, a prima facie case of negligence is thereby established, and the plaintiff may recover, unless the defendant shows itself free from negligence in the construction, equipment, or operation of its locomotive, or in the condition of its right of way, if the fire is first started there.—*L. & N. R. R. Co. v. Reese,* 85 Ala. 497, 5 South. 283, 7 Am. St. Rep. 66; *Louisville & N. R. Co. v. Marbury Lumber Co.,* 125 Ala. 237, 28 South. 438, 50 L. R. A. 620; *Id.,* 132 Ala. 520, 32 South. 745, 90 Am. St. Rep. 917; *So. Ry. Co. v. Darwin,* 156 Ala. 311, 47 South. 314, 130 Am. St. Rep. 94; 33 Cyc. 1361.

In the present case the affirmative instruction for the defendant was evidently founded on the trial court's conclusion that there was nothing in the evidence to jus-

tify any reasonable inference that the fire was in fact caused by one of defendant's locomotives.

The mere fact that a fire occurs on premises adjacent to a steam railroad track, even just after a train has passed along, would not of itself support an inference that it was caused by sparks escaping from the locomotive.—So. Ry. Co. v. Dickens, 161 Ala. 144, 149, 49 South. 766; So. Ry. Co. v. Collins, 179 Ala. 335, 60 South. 95.

It is, however, a matter of common knowledge that locomotives carry fire and emit sparks, especially when a heavy load and a steep grade require an extraordinary working of the steam exhaust. It is a matter of common knowledge, also, that a strong wind may carry such sparks to a considerable distance, and that they may readily set fire to any dry and inflammable materials upon which they happen to fall. If then, in addition to the passage of a locomotive at a seasonable hour preceding the fire, it is made to appear that a strong wind was blowing from the railroad towards the house, that the weather was very dry, and the roof of the house at any point in a condition easy to ignite, that the fire originated in the roof at such a point, and, further, that there was and had been no fire within or about the house for 12 hours or more, thus excluding any relational possibility of the domestic origin of the fire, we think that the imputation of the fire to sparks from the locomotive is fairly removed from the realm of mere speculation, and is brought fairly within the realm of legitimate and permissible inference.

It may be urged that the evidence does not show the passage of a locomotive sufficiently near to the time of the discovery of the fire—about 1 o'clock, a. m.—to justify the inference of such an origin. One of the witnesses, returning from a hunt on the night of the fire,

saw an engine pulling a train heavily up the grade towards the north, and emitting quantities of sparks. This train stopped on the station side track. He roughly estimated the hour as being 10 or 11 o'clock, p. m. Another witness was awakened by a train pulling heavily and going in the same direction at an hour thought to be about 12 o'clock. An inmate of the house was awakened at some unknown hour before the fire by a train going north. And several of the witnesses saw a train pull out to the north while the fire was burning. It may well be that all of these were observing or hearing the same train, and the one that the witness Frank saw emitting sparks while it was pulling heavily and "about to stall" as it was passing near the plaintiff's house.

On the whole evidence we are constrained to the view that whether or not one of defendant's locomotives communicated sparks to plaintiff's house, and caused its destruction by fire, was a question that ought to have been submitted to the jury, and that there was error in instructing the jury to find for the defendant. The following authorities illustrate the general question of the sufficiency of circumstantial evidence to show prima facie that a neighboring fire was due to sparks from a passing locomotive: *Sheldon v. Hudson River R. Co.,* 14 N. Y. 218, 67 Am. Dec. 155; *Minneapolis, etc., Co. v. Great North. R. Co.,* 83 Minn. 370, 86 N. W. 451; *Gibbons v. Wis. Valley R. Co.,* 66 Wis. 161, 28 N. W. 170; R. A. 350, 13 Am. St. Rep. 221; *Henderson v. P. & R. Ry. Co.,* 144 Pa. 461, 22 Atl. 851, 16 L. R. A. 299, 27 Am. St. Rep. 652; *Dunning v. Maine Central R. Co.,* 91 Me. 87, 39 Atl. 352, 64 Am. St. Rep. 208; *Clark v. Gr. Tr. West. Ry. Co.,* 149 Mich. 400, 112 N. W. 1121, 12 Ann. Cas. 559; *Babcock v. Can. North. Ry. Co.,* 117 Minn. 434, 136 N. W. 275, Ann. Cas. 1913D, 924.

We think it was permissible for plaintiff, in order to more accurately fix the hour of the night when the witness Frank returned from hunting and saw the engine going north and emitting sparks, to ask him as to the hour of his departure from home on that night. This was in no sense an attempt to contradict the witness, but rather to supplement a confessedly inexact estimate with data which might have been of much value to the jury upon a very important issue in the case.

For the errors noted, the judgment will be reversed. Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and GARDNER, JJ., concur.