# Gulf Yellow Pine Lumber Company v. Chapman & Co.

## *Assumpsit.*

(Decided Feb. 4, 1909.    48 South. 662.)

*Corporations; Ultra Vires Acts; Guaranty.*—The charter power of the corporation to operate a comissary, to buy and sell goods, and to purchase for cash or credit, was ancillary to its main business of lumbering and milling, but did not authorize the corporation to buy goods for another, or to become surety or guaranty for another; hence, the acts of the general manager of the corporation in promising to pay for goods bought by a boarding house keeper was ultra vires the corporation, although it indirectly benefitted the corporation by furnishing board and lodging for its employes.

APPEAL from Geneva Circuit Court.

Heard before Hon. H. A. PEARCE.

Assumpsit by Chapman & Co., against the Gulf Yellow Pine Lumber Co., to recover for goods sold one Lord, a boarding house keeper. From a judgment for plaintiff defendant appeals. Reversed and remanded.

W. O. MULKEY, for appellant. The corporation was without power to make the contract relied on.—*Chewacla*

[Gulf Yellow Pine Lumber Company v. Chapman & Co.]

*L. W. Co. v. Dismukes,* 87 Ala. 344; *First Nat. Bank of Gadsden v. Winchester,* 119 Ala. 168; *Steiner & Lobman v. Steiner L. & L. Co.,* 120 Ala. 128; *Lanier L. Co. v. Reese,* 103 Ala. 622; *Machine Co. v. Wilkerson,* 79 Ala. 312; *Sherwood v. Alvis,* 83 Ala. 115; *Marion Bank v. Duncan,* 54 Ala. 471; *Chambers v. Faulkner,* 65 Ala. 448; *R. R. Co. v. Smith,* 76 Ala. 572; *Long v. G. P. Ry. Co.,* 91 Ala. 519. The contract was void under the statute of frauds.—*Webb v. Hawkins L. Co.,* 101 Ala. 633.

W. R. CHAPMAN, for appellee. Counsel discuss the powers of the corporation as organized under the general law.—Sec. 1140, et seq., Code 1896. And conclude that there being no statutory or constitutional prohibition that the enumerated power in the certificate of the defendant company to engage in buying selling goods, wares and merchandise, is authorized by law, and properly conferred. The contract is not that of guaranty or suretyship.—14 A. & E. Ency of Law, 1129 and notes; *White v. Life Assn.,* 63 Ala. 419; 27 A. & E. Ency of Law, 431; *Mobile & C. R. R. Co. v. Nichols,* 98 Ala. 125; *Wimberly v. Wyndham,* 104 Ala. 409. There was no right of recovery against Lord, as there was no obligation.—57 Am. Dec. 197; 5 Am. St. Rep. 114; 95 Am. Dec. 252 and note.

DOWDELL, J.—This suit is against a private corporation organized under the general statute. The complaint is on the common counts. Among other pleas filed are those setting up the statute of frauds and ultra vires. The evidence without conflict showed that the goods, wares, and merchandise, for the price of which the suit was brought, were sold and delivered to one Lord to furnish and maintain a boarding house conducted by

[Gulf Yellow Pine Lumber Company v. Chapman & Co.]

said Lord, and in which the defendant corporation had no interest, and all of which was known to the plaintiffs at the time of the sale and delivery of the goods.

The defendant corporation under its charter powers was at the time engaged in the lumber and milling business, and in connection therewith carried on, under its charter powers, a commissary; but none of the goods so sold went into said commissary, nor in any way were used by the defendant. The plaintiffs declined and refused to sell to Lord when he applied to purchase the goods, and not until one Flowers, the general manager of the defendant corporation, promised the plaintiffs that the defendant would pay for them, did they sell. The charter provision in reference to the commisary authorized the corporation "to operate and maintain a commissary or storehouse, to engage in the buying and sale of goods, wares, and merchandise, and to purchase for either cash or credit, as it may deem proper." Manifestly this power was intended as ancillary to its main business of lumbering and milling, and in no sense was it contemplated as an authorization to purchase goods for another, or to became surety or guarantor for another. Clearly the act of Flowers, the general manager, in promising to pay for the goods sold and delivered to Lord was an ultra vires contract, and the fact that the plaintiffs would not have delivered the goods to Lord, but for the promise of Flowers that the defendant would pay for the same, and the further fact that the defendant was indirectly benefited, in that the boarding house run by Lord afforded the defendant's employes a place to board, cannot alter the case. The benefits to the corporation in such a case are not such as would raise up an estoppel as to liability.

Our conclusion is that the trial court erred in giving the general charge for the plaintiffs, and in refusing a

[Fireman's Fund Insurance Co. v. Hellner.]

like one to the defendant.—Greene's Brice's Ultra Vires, p. 252; *Lime Works v. Dismukes,* 87 Ala. 344, 6 South. 122, 5 L. R. A. 100; *Steiner & Lobman v. Steiner Lumber Co.,* 120 Ala. 126, 26 South. 494.

Reversed and remanded.

SIMPSON, ANDERSON, and DENSON, JJ., concur.