# Bailey Iron Works Co. *v.* Mobile & Ohio Railroad Co.

*Assumpsit.*

(Decided June 4, 1912. 59 South. 191.)

1. *Frauds; Statute of; Promise to Answer for Debt of Another.*— An instrument signed by defendant and addressed to plaintiff reciting that defendant had been informed by a certain person, that he is indebted to plaintiff in a specific sum, that defendant will assume responsibility for the account, and settle the same within the specified time, evidences a promise by the defendant to pay a debt due from such person, and failing to express a consideration for the promise, is void under the statute of frauds.

2. *Same.*—The fact that after the receipt of the promise to pay the plaintiff thereafter mailed request to the defendant to pay the debt, and did not call on the person from whom the debt was originally due to pay it, did not render the promise enforcible, where such promise was void, under the statute of frauds as being a promise to answer for the debt, default or miscarriage of another, without expressing a consideration for the promise.

3. *Corporations; Charter Powers; Ultra Vires.*—A corporation organized to conduct a general foundry, machine shop and boiler works,

manufacture, buy and sell mill, marine and railway machinery supply works, and all sorts of iron and metal goods, has no authority to contract to answer for the debt, default or miscarriage of another in the absence of anything to show that the debt was in any way incidental to the objects of the corporation.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Action by the Mobile & Ohio Railroad Company against the Bailey Iron Works Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The paper on which the suit is brought is as follows: "Mobile, Ala., March 31, 1909. Mr. R. V. Taylor, General Manager, M. & O. R. R. Co., City: Mr. Minto informs us that he is indebted to your company in the sum of $340, and, as he is leaving the city indefinitely, we wish to say that we will assume responsibility for this account, and settle same in the course of the next thirty days. Respectfully, Bailey Iron Works, per A. Bailey, Pres." This paper is made the basis of the special pleas of the statute of frauds. The third replication is that in October, 1907, plaintiff sold to Minto four pair of car trucks, and that said car trucks were bought for defendant, and were delivered to the defendant; and that by defendant's agreement of March 31, 1909, the defendant assumed liability for the balance of $340, due on the purchase price of said truck; and that by its said agreement the defendant was substituted in the place of the said Minto, in extinguishment of the said Minto's debt, for said balance due on cash purchase price; and that said agreement was an original undertaking based on sufficient consideration, and does not fall within section 4289, Code 1907. The powers of the corporation were shown to be to conduct a general foundry, machine shop, and boiler works, manufacture, buy, and sell all kinds of mill, marine, and railway machinery and supply stuff, to buy, manufacture, and sell all kinds of iron

and other metal goods; to build and repair engines, vessels, boilers, sawmills, and other machinery, and generally to do all and any acts incident to the operation of a general foundry, machine shop, or boiler works.

LEIGH & CHAMBERLAIN, for appellant. The demurrers to the replications interposed to the plea of ultra vires should have been sustained.—*Chewacla L. W. v. Dismukes,* 87 Ala. 244; *Steiner & Lobman v. Steiner L. & L. Co.,* 120 Ala. 128; Cook on Corporations, sec. 774; *Gulf Y. P. L. Co. v. Chapman,* 159 Ala. 444. The court erred in admitting in evidence the letter objected to.— *Hallmark v. Hopper,* 119 Ala. 78; *Davis Ave. R. R. Co. v. Mallon,* 57 Ala. 168. It is immaterial whether the auditor looked to the Bailey Iron Works or to Minto for the money.—*Edwards v. Massengale,* 57 South. 400. No consideration was expressed for the promise to pay Minto's debt, and the contract is void.—*Keenan v. Holliday,* 16 Ala. 53; *Jelks v. McCree,* 25 Ala. 440; *Kirksey v. Kirksey,* 8 Ala. 131; *Foster v. Napier,* 74 Ala. 393; *White v. White,* 107 Ala. 417.

CARL FOX, and F. J. YERGER, for appellee. No brief reached the Reporter.

DE GRAFFENRIED, J.—There are a number of questions presented by this record, many of which it will not be necessary for us to discuss. In the complaint the appellee seeks to recover of the appellant a sum of money which, it is alleged in the complaint, is due by a written contract or undertaking, whereby the appellant bound and obligated itself to pay the plaintiff said sum within 30 days from the date of the contract.

The pleas, in effect, set up two defenses: First, that the instrument sued on is a writing, whereby the appellant made a special promise to answer for the debt of

another, and that the instrument fails to express the consideration upon which it was executed, and that therefore the instrument sued upon is void under our statute of frauds; and, second, that the instrument, if not void, is such a contract as in ultra vires the corporation. To these pleas the appellee filed three special replications. No evidence sustaining two of the special replications was introduced; and the only questions before us are whether the appellant's evidence sustained its pleas, and, if so, did the appellee sustain the replication as to which it undertook to offer some proof.

First. The paper which was introduced in evidence—the paper on which the suit was brought—shows on its face that it is a mere promise by the appellant to answer for or pay a *then* existing debt due by a third party to appellee; and the paper also, on its face, shows that it does not express the consideration on which it was founded. Such a paper is void, because the statute of frauds says that it is void. A void thing is *no* thing. —*Parker v. State,* 2 Ala. App. 127 56 South. 872. The failure to *express* a valuable consideration for the promise to pay the debt of another is as *fatal* as the *failure* to reduce the *promise to writing.*—*White v. White,* 107 Ala. 417, 18 South. 3; *Foster v. Napier,* 74 Ala. 393. It is evident, therefore, that when the appellee introduced in evidence the paper, the foundation of the suit, the appellant's pleas setting up the statute of frauds were proven for appellant.

The mere fact that subsequently the appellee, twice each month, mailed a request to appellant to pay the debt, that after that time it did not call on Minto, the debtor, to pay it, and that it finally brought this suit to collect the debt out of appellant, in no way gave life to that which was void ab initio. If legal validity could,

in this way, be given to a paper void under the statute of frauds, the statute would be of no value.

Second. The charter of the appellant was introduced in evidence. It is evident, from a casual inspection of the charter, that it is not invested with the authority to enter into a binding obligation to answer for the mere debt, default, or miscarriage of another.—*Steiner & Lobman v. Steiner Land & Lbr. Co.*, 120 Ala. 128, 26 South. 494; *Yellow Pine Lumber Co. v. Chapman & Co.*, 159 Ala. 444, 48 South. 662.

There is nothing in the evidence, and nothing in the appellee's third replication, indicating in the slightest degree that the debt of Minto, which, in the writing upon which this suit was brought, appellant said it would pay, was in any way incidental to the object for which the corporation was created.—*Cunningham Hardware Co. v. Gama Transportation Co. et al., infra*, 58 South. 740.

It follows from what we have above said that the evidence in this case sustained appellant's pleas setting up that the contract, the basis of the suit, if not void under the statute of frauds, was a contract which, under its charter, the appellant was not authorized to make, and that it was therefore ultra vires the corporation and void for that reason. The evidence sustained the appellant's pleas, and the appellee failed to sustain, by any evidence, its replications to the pleas of appellant.

The trial court, therefore, committed an error in rendering a judgment in favor of the appellee against the appellant. For the error pointed out, the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.