# Southern Railway Co. *v.* Dickens.

### *Damages for Setting Out Fire.*

(Decided May 24, 1909.   49 South. 766.)

1. *Railroads; Operation; Setting Out Fire.*—It is only where fire results from its negligence that a railroad company is liable for damages from fires communicated by its engines.

2. *Same; Care Required.*—The operation of locomotives must be done with due care to avoid injury to others, the care varying in degree as the danger materially increases or diminishes.

3. *Same; Evidence.*—The mere fact that the fire occurred and that defendant's locomotive passed at or about the time of the fire, does not raise the presumption that defendant caused the fire or that it was negligent in setting out the fire, although proof that the defendant's locomotive threw out the fire, which destroyed the plaintiff's property, is prima facie evidence of defendant's negligence.

4. *Same; Negligence.*—The presence of dry grass, stubble, or other highly combustible material left upon a railroad right of way, is such negligence as will render a railroad company liable for damages from a fire set out to such inflammable material, and communicated to another's property.

5. *Same; Evidence.*—The evidence in this case stated and examined and held sufficient to require a submission of the question of the defendant's negligence to the jury.

6. *Witnesses; Impeachment; Former Testimony.*—Where it does not appear that the former testimony was the same, a witness cannot be impeached by showing his evidence upon former different actions by him against the same defendant.

7. *Same; Immaterial Matter.*—A witness cannot be impeached by showing contradictory statements as to immaterial matters.

8. *Same; Cross Examination.*—Where the action was against the railroad company for setting out fire, and a witness for defendant had testified that he had estimated the damages for the company, he might be asked on cross examination if he had not had instructions from the stock claim agent as to the manner of making the estimate and also as to what these instructions were.

9. *Same; Impeachment; Testifying in Several Cases.*—It is not competent to attack the credibility of witnesses of either party by showing which had testified for the respective parties in the greater number of cases.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWN.

Action by Charles C. Dickens against the Southern Railway Company for damages for setting out fire. Judgment for plaintiff and defendant appeals. Affirmed.

See also in this connection former report of this case in 152 Ala. 210; 44 South. 402.

BESTOR, BESTOR & YOUNG, for appellant.—There was no evidence in this case to raise the presumption of negligence in the setting out of the fire, or in fact, that the engine caused the fire.—*L. & N. v. Malone*, 109 Ala. 509; *L. & N. v. Marbury Lumber Co.*, 125 Ala. 237; s. c. 132 Ala. 520; *A. G. S. v. Johnson*, 128 Ala. 283; *A. G. S. v. Taylor*, 129 Ala. 239; *A. G. S. v. Clark*, 136 Ala. 450; *Southern v. Wilson*, 138 Ala. 518; *Bir. R. L. & P. Co. v. Martin*, 42 South. 618; *Farley v. M. & O.*, 42 South. 737. The motion to exclude the evidence should have therefore, been granted.—*Gulf City Const. Co. v. L. & N.*, 121 Ala. 625; *Talladega I. Co. v. Peacock*, 67 Ala. 253.

FRANCIS J. INGE, for appellee.—Under the evidence, a prima facie case for plaintiff was made out.—*Tinney v. Cent. of Ga. Ry. Co.*, 30 South. 623; *L. & N. v. Reese*, 85 Ala. 497; *L. & N. v. Marbury L. Co.*, 28 South. 438; *Southern v. Johnson*, 37 South. 919; *L. & N. v. Miller*, 109 Ala. 500. On these same authorities, the court properly refused the motion to exclude the evidence, and to give the charges requested by the defendant.

MAYFIELD, J.—The appellee sued appellant to recover damages for setting fire to his premises, and thereby burning a large quantity of trees, wood, timber, and fencing. The complaint contained two counts. The wrong or negligence relied on in the first count is that the defendant negligently allowed fire to escape from

one of the defendant railroad company's engines, and to communicate itself to the premises of the plaintiff. The second is that the defendant negligently set fire to the premises of the plaintiff. To this complaint the defendant pleaded the general issue, and a special plea of the statute of limitations of one year. There were other pleas, but they were withdrawn. The trial resulted in a verdict for the plaintiff for $450, and from the judgment thereon the defendant railroad company appeals, here assigning as error the various rulings of the trial court as to the exclusion and admission of evidence, in the sustaining and overruling of objections thereto, and in the refusal to give certain written charges requested by the defendant.

It was contended by the plaintiff that the fire was ignited by sparks emitted from a certain freight engine of the defendant, which passed the premises burned at about 12 o'clock on June 19, 1904; while it was contended by the defendant that, if the premises were burned, it was some time prior to 1904, more than a year prior to the bringing of this suit, and that the action was therefore barred by the statute of limitations, and, further, that damages had been recovered for the alleged injury in prior actions brought by the plaintiff against this defendant. The evidence of the plaintiff was, in substance, that on the day above specified the weather was dry; that the Postal Telegraph Company and the Southern Railway Company had cut down and left dry leaves and brush upon the right of way of the defendant company; that the plaintiff was at his dwelling, which was about a mile from the premises burned; that there was no sign of fire prior to the passing of the train of the defendant at about 12 o'clock, and that prior to said time no train had passed within three or four hours; that he saw the engine going south at about 12 o'clock;

that it was emitting large volumes of smoke; that there was no fire in the neighborhood before the train approached; that, as soon as the smoke from the train cleared away, he saw a dense column of smoke rising from the ground at the point at which the fire broke out. Notwithstanding this testimony of the plaintiff, showing that he was a mile away from the premises at the time he says the materials were set on fire, it appears from the bill of exceptions that he testified as follows: "I saw this particular train that set it afire, a freight train of the defendant going south. No train passed previous to the one that set it afire. The train of defendant that set out the fire passed, and almost instantly you could see the smoke rising from it." There was testimony of other witnesses to the same effect as that of the plaintiff, with the exception that none of the others used any such language as that the train set the premises afire. This was the only evidence tending to show that the premises were fired by the defendant or its agents, either negligently or unavoidably.

One of the main and serious questions in this case is whether or not the evidence as shown by this record is sufficient to submit the question to the jury or to support a verdict against the defendant upon its liability in causing this fire, and we confess that it is one not free from doubt. The authorities are far from being harmonious as to the sufficiency of evidence to support an action like this. Probably the weight and number of authorities support the following propositions of law, which are to control in this case. The right of a railroad company to run on its road engines and trains propelled by steam, an agent generated by fire, does not make the company liable for damages, the result of fires communicated by its engines, in the absence of negligence. The sole right of action in such cases is based upon negligence, and, if it appears that there has been

no negligence, there can and ought to be no recovery against the railroad.—*Webb's Case,* 49 N. Y. 420, 10 Am. Rep. 389; *Jackson's Case,* 31 Iowa, 176, 7 Am. Rep. 120; *Burroughs v. Husatonic,* 15 Conn. 124, 38 Am. Dec. 64. Yet the operation of engines and trains of necessity is attended with danger; hence those who operate them are held to the exercise of due care. They are protected, except for the abuse of the privilege; but, as the danger to others increases by the operation of such dangerous agencies, so the care and caution of the operators must increase accordingly. If the danger be very great, the operator must exercise a high degree of vigilance and foresight to avoid injury. Thus trains and locomotives are the legitimate result of science and civilization. They have become necessary to improvement and progress, but he who uses them must adopt propr safeguards to prevent injuring others. Nevertheless the care and safe-guards required of him are in a reasonable, and not an unreasonable degree—varying as the danger materially increases or diminishes.

Does proof of the simple fact that fire escaped from a locomotive, and, kindling, destroyed the property of another, standing alone, make out a prima facie case of negligence against the operator? This is a question as to which the authorities are in conflict, a great number holding that this alone raises the presumption of negligence, and a great number holding the contrary, but our court is one among those which hold that it makes out a prima facie case. It has been held by the courts which decided that such evidence makes out a prima facie case of negligence, that it is a matter in which the truth lies peculiarly within the knowledge of those operating the locomotive, and that it is much easier for those operating it to show that they used due care and were guilty of no negligence than it is for the party whose property was destroyed to show that it was the

result of defects in the construction or operation of the locomotive or of other case of mismanagement; that when it appears that the fire which caused the injury was ignited by sparks or other fire emitted from the locomotive, if not strictly so, it may be likened unto a case of res ipsa loquitur; that both necessity and convenience would be subserved by putting the burden of proof upon the operator of the dangerous agency to show the exercise of due care. If the owner of property which was destroyed by fire in an action against a railroad company for causing the fire has proof that the locomotive of the defendant threw out the fire which caused the injury, he has made out a prima facie case of negligence against the railroad company. On the other hand, if the railroad company shows that it was guilty of no negligence, that it used due care and skill in the construction and operation of the locomotive, and was otherwise guilty of no negligence contributing to the injury, it is not liable; but in all actions for damages against a railroad company for injury caused by a fire alleged or claimed to have been caused by sparks of fire emitted from or distributed by one of the defendant's locomotives or other agencies, if it was responsible the plaintiff must first prove that the sparks or fire so emitted or distributed were the cause of the fire. The mere facts that the fire occurred and that the defendant's locomotive or engine passed at about the time of the fire, without more, do not and ought not to raise the presumption that the fire was caused by the defendant company, or that it was guilty of negligence in igniting or setting out such fire.—*Henderson v. Phila Co.,* 144 Pa. 461, 22 Atl. 851, 16 L. R. A. 299, 27 Am. St. Rep. 652.

The presence of dry grass or stubble or other debris highly combustible upon the right of way of a railroad

company, rendering it probable that it will be ignited by ordinary sparks emitted from locomotives and engines, or be ignited if-due care be not used by the company in the construction and maintenance of . its engines, in connection with the fact that such inflammable substances, when fired, will necessarily or probably communicate fire to the property of others, is such negligence on the part of the company as to render it liable for damages the result of a fire ignited in such manner; and this, notwithstanding it were ignited without other fault or negligence on the part of the railroad company, because it is a matter of common knowledge that fire will escape from the best equipped and most carefully operated locomotive so as to ignite very combustible material allowed to accumulate near the track upon the right of way. Consequently there rests upon the railroad company the duty to keep its right of way—certainly that near enough to be ignited by sparks—free from such combustible material. Keeping such material as will readily ignite from accumulating is as much a means of preventing the fire as the use of the best improved machinery or the exercise of the. greatest care in its operation.—*R. & D. R. R. Co. v. Medley,* 75 Va. 499, 40 Am. Rep. 734, cited in *L. & N. R. R. Co. v. Miller,* 109 Ala. 506, 19 South. 989. Applying to the evidence in this case the propositions of law above announced, we cannot say that the trial court was in error in refusing to exclude the evidence of the plaintiff because it failed to show, or had no tendency to show, that the defendant railroad company proximately contributed to the cause of the fire. There was evidence tending to show that inflammable matter was allowed to accumulate upon the right of way of the defendant company near to the track, and the plaintiff himself testifies (or appears so to do from the bill of exceptions) that a cer-

tain train of the defendant company set out the fire. All
the other evidence in the case, including the other evi-
dence of the plaintiff himself, tends to strongly, if not
conclusively, show that he did not and could not know
that the fire was kindled by this particular engine be-
cause he seems to have been a mile distant from the
point at the time it was kindled; but we are not sure
that these were not questions for consideration by the
jury, rather than by the court, in deciding whether or
not there was evidence which would support a verdict
for the plaintiff. But for the evidence that inflammable
and combustible matter had been allowed to accumu-
late upon the right of way we would be constrained to
hold in this case that there was not evidence sufficient
to support a verdict against the defendant, that plain-
tiff's evidence should have been excluded, and that the
general affirmative charge should have been given. But,
taking all of the evidence, including that as to the com-
bustible or inflammable matter, we cannot say that there
was reversible error in the refusal to exclude the evi-
dence or to give the general affirmative charge for the
defendant.—*L. & N. R. R. Co. v. Miller,* 109 Ala. 506,
19 South. 989; *So. Ry. Co. v. Johnson,* 141 Ala. 575, 37
South. 919; *L. & N. R. R. Co. v. Malone,* 109 Ala. 509,
20 South. 33; *L. & N. R. R. Co. v. Marbury Lumber Co.,*
125 Ala. 237, 28 South. 438, 50 L. R. A. 620, s. c., 132
Ala. 521, 32 South. 745, 90 Am. St. Rep. 917.

There was no error in sustaining the objections to
questions propounded to plaintiff on cross examination,
or in excluding the evidence of answers which pertained
to his testimony in previous actions by him against
the defendant company. These were separate and dis-
tinct actions from the one on trial, and, it not appearing
that the subject-matter was the same, the defendant
could not impeach or discredit the evidence of the plain-

tiff upon this trial by showing his evidence upon a former trial as to a different subject-matter under different conditions; but the point is also governed by the general rule that a witness cannot be impeached by showing contradictory statements by him as to immaterial matters. Moreover, most of those questions were also intended to show what he had testified was the rental value of the premises burned over by previous fires. There was no claim in the complaint for damages for rental value or pasturage. Consequently the defendant could not have been injured by excluding such testimony.

There was likewise no error in allowing the witness Robertson to answer as to who the appraisers were of whom he had spoken in answer to a cross-interrogatory propounded to him by the defendant's counsel. This was brought out by the defendant on cross examination, and the plaintiff had a right to know who the men were to whom reference was made, and the relation, if any, they bore to the defendant. The plaintiff during his cross-examination of the witness Robertson propounded to him the following questions: "Mr. Robertson, about the time of the fire and at the time you made this estimate of this damage, before you made the estimate of the damage, did you have instructions from the stock claim agent as to the manner in which you should estimate the damage?" "Did you have any instructions from him?" "What were these instructions?" The defendant objected to each of these questions as they were propounded, on the ground that they called for irrelevant, immaterial, and illegal testimony, and on the further ground that they were not in rebuttal. We are unable to see any objection to these questions upon the grounds assigned.

Likewise, we see no error in the sustaining of the objection to the question of the defendant to the witness Hartley: "Have you testified in any more suits in favor of the Southern Railroad than Tom Walker, Jane Woodruff, Quincy Freeman, and all that crowd who have testified for Mr. Dickens?" This was a mere attempt to have the witness make an argument against the credibility of the plaintiff's witness named. The credibility of witnesses of either plaintiff or defendant should not be tested by showing which had testified for the respective parties in the greater number of cases. The fact that the other witnesses had testified in a greater or smaller number of cases did not tend to show the credibility or incredibility of these witnesses. These are the only errors insisted upon in either the assignment or the brief of appellant's counsel, though others are assigned.

We find in the record no reversible error, and the judgment of the lower court must be affirmed.

Affirmed.

DOWDELL, C. J. and SIMPSON, ANDERSON, and SAYRE, JJ., concur. DENSON and McCLELLAN, JJ., concur in conclusion, but not as to some expressions in the opinion as to the burden of proof.