# McCary v. Ala. Gt. South. R. R. Co.

## Setting Out Fire.

(Decided April 24, 1913.   Rehearing withdrawn May 17, 1913.
62 South. 18.)

1. *Bill of Exceptions; Filing; Time.*—A bill of exceptions not filed within twelve months after the trial of the cause cannot be looked to on appeal for the purpose of revising the action or ruling of the trial judge on the main trial, unless the same questions were presented and passed on in the motion for new trial.

2. *Appeal and Error; Harmless Error; Instructions.*—The giving of a charge having a misleading tendency will not bring about a reversal unless this court is satisfied that the jury was misled to the prejudice of the party appealing.

3. *Same.*—It is not reversible error to give argumentative charges unless the appellate court is satisfied that the giving of such charges resulted in prejudicial injury to the party appealing; and this is also true of abstract charges.

4. *Same.*—On the issue as to whether the sparks from defendant's engine actually set fire to plaintiff's property, where the evidence was in conflict, a charge asserting that the presumption from the happening of the fire was weak, and was indulged in merely to put the railroad upon its proof and compel it to show performance of its duties in regard to the equipment and management of its engines, which proof might overcome the presumption of negligence, though misleading was not prejudicial error.

5. *Same.*—A charge asserting that when a fire is proved to have been caused by sparks escaping from an engine, the presumption of negligence arising therefrom is not a rule of liability, but only casts upon defendant the duty of showing that its engines were properly equipped and handled, and that when a railroad repelled such pre-

sumption, the plaintiff cannot recover without other evidence of negligence, while argumentative as applied to the evidence, which was conflicting as to the cause of the fire, and defendant's negligence, was not reversible error.

6. *Same; Cured by Verdict.*—Where the verdict found that defendant was not guilty of negligence in setting fire to plaintiff's property near its right of way, the elimination of a count from a complaint was not prejudicial error.

7. *Same; Matters Considered.*—Where the appeal is from the action of the court upon a motion for new trial, the giving or refusing of an instruction not made a ground in the motion cannot be considered on appeal by this court.

8. *Charge of Court; Weight of Evidence.*—A jury cannot find a verdict for complainant if there is any individual juror on the panel who is not reasonably satisfied from all the evidence that plaintiff should recover.

9. *Same; Argumentative.*—A charge that the mere fact, if it was a fact, that plaintiff's property was discovered to be on fire soon after the passing of one of defendant's engines, raised no presumption that the. fire originated from sparks escaping from the engine, was an argumentative instruction and therefore objectionable.

10. *Trial; Province of Court and Jury.*—Where the evidence is in conflict as to material matters, the issues of disputed fact were for the determination of the jury.

11. *Negligence; General Allegations.*—Where the gravamen of the action or plea is the alleged non-feasance or misfeasance of another it is sufficient to aver as a general rule, the facts out of which the duty to act arises, and when such facts are shown with sufficient certainty, the negligent failure to act or not to act may be averred in general terms.

12. *Railroads; Setting Out Fire; Contributory Negligence.*—A person is not guilty of contributory negligence in building a house near a railroad track though he knew the danger of fire was thereby increased, where the house was burned by the negligence of the railroad.

13. *Same; Plea.*—Where the action was for damages for setting fire to plaintiff's property, a plea asserting that plaintiff's servants knew that the engine had passed, emitting sparks in unusual quantity, which fell upon or near plaintiff's property, and which they knew would probably cause a fire, and negligently failed to extinguish the sparks, which negligence proximately caused the loss, was not subject to demurrer, as it sufficiently showed facts casting the duty of preventing injury upon plaintiff's servant.

14. *Same; Presumption and Burden of Proof.*—The rule requiring a railroad company when it is shown that. fire was caused by sparks from its engine, to rebut the presumption that its engine was improperly equipped or handled, is one of law, and when such presumption is overcome by proper proof, and there is no other evidence of negligence, the court may direct a verdict for defendant

15. *Same; Other Evidence.*—Where the action was for setting out fire to plaintiff's property, and there is other evidence besides the

mere fact that the fire was started by sparks from defendant's engine, the fact that the fire was so started was prima facie evidence only of negligence in the equipment and management of the engine, and such question becomes one of fact for the determination of the jury.

16. *Same; Instruction.*—Where in addition to the mere presumption of negligence from the fact of the fire, there is evidence in addition, so as to make the question of negligence one for the jury, the court ought not to instruct that the presumption from the mere happening of the fire is weak and inconclusive, as such instruction is calculated to mislead.

17. *Same.*—Where independently of the legal presumption of negligence from the fact that the fire was started from sparks emitted by a passing locomotive, there was evidence tending to show that such locomotive was either improperly equipped or handled, and also that sparks of unusual size and quantity were thrown to a distance of 125 feet, and that no properly equipped and handled locomotive could throw sparks that distance, a charge asserting that the presumption of negligence from the mere fact that the fire was started from the sparks of an engine, was not conclusive, but was a weak presumption indulged in merely to put defendant on proof and compel it to show performance of duty in regard to the equipment and handling of its engine, and on such showing plaintiff could not recover, was misleading and calculated to confuse.

18. *Same; Jury Question.*—Under the evidence in this case, the question of the proper equipment, construction and management of the locomotive alleged to have started the fire was one for the jury.

19. *Same; Instruction.*—Where the action was for setting out fire by defendant's locomotive, and there was no evidence of any defect in defendant's track, or any negligence, except in the equipment and management of its locomotive, a charge asserting that defendant was not liable for accidental injury caused by the escape of fire and sparks from its locomotive, if it was properly handled and equipped, was properly given.

20. *Same; Applicability to Evidence.*—Where there was no evidence that defendant was guilty of any negligence in setting out fire, except in the equipment and management of its engine, charges that if the engine was properly equipped and managed, defendant was not liable, even though the fire was caused by its engine, and that if the engine was properly equipped and handled, defendant was not liable, were correct.

21. *Same; Contributory Negligence.*—Where the watchman of plaintiff saw defendant's locomotive pass plaintiff's factory, throwing out sparks of unusual size and in unusual quantities, which fell upon or near the property, and knew that such sparks would likely set fire to the property and could have extinguished such sparks, but negligently failed to do so, there was such contributory negligence as to defeat plaintiff's right of recovery.

22. *Same.*—Where the evidence was conflicting both as to the cause of the fire, and as to defendant's negligence, a charge that defendant had a right to run its engines at such speed as was reasonably necessary to do its work, and to throw such sparks as might be necessary,

in such operation, provided the engines were properly equipped and managed, was correctly given.

23. *Same.*—Where the evidence as to the cause of the fire and as to the negligence of defendant was in conflict, a charge asserting that if plaintiff's property was set on fire by sparks from defendant's engine, which were thrown 125 feet to plaintiff's property, plaintiff could recover, was unauthorized and properly refused.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Action by J. H. McCary, doing business, etc., against the Alabama Great Southern Railroad Company for damages for setting fire to his property. Judgment for defendant, and plaintiff appeals. Affirmed.

The facts sufficiently appear in the opinion.

Plea 3 is as follows: "That the injury complained of would not have happened but for the negligence of the agents or servants of the plaintiff acting within the line and scope of their authority, which proximately contributed thereto, and which said proximately contributory negligence consisted in this: That the servants or agents knew that an engine passing by said property of the plaintiff on the track of the defendant emitted sparks in unusual quantities, or of unusual size, which sparks fell upon or near the said property of the plaintiff, which fact was also known to said servants or agents of defendant, and the said servants or agents of defendant knew that said sparks would likely or probably cause the said property to burn, but nevertheless, with such knowledge, said servants or agents of the plaintiff negligently failed to extinguish the said sparks as they could have done, and the said sparks caused the said property of the plaintiff, to be set on fire, as charged in said complaint."

The following charges were given for the defendant: (14) "The court charges the jury that the presumption of negligence on the part of the railroad company which

arises from the mere fact that fire is started from the sparks of the engine is not a conclusive presumption, nor is it a strong presumption, but it is a weak and unsatisfactory presumption, and is indulged in merely for the purpose of putting the railroad company to proof, and compel it to explain and show with a reasonable and fair degree of certainty that it had performed its duty in regard to the equipment and management of its engine, and if the railroad company should show by proper proof that its engine was properly equipped and properly handled, it has overcome this prima facie presumption of negligence, and, without more, the plaintiff cannot recover." (14½) "The rule of law is this: If the defendant shows that the engine alleged to have caused the fire was of proper construction, and equipped with proper devices and appliances to prevent the escape of fire and sparks, was in good repair, and prudently managed and controlled, the presumption of negligence arising from the mere communication of fire will be rebutted, and the plaintiff will not be entitled to recover." (11) "The defendant in this case is not liable for accidental injuries caused by the escape of fire from its engines, if the evidence shows that the engines were properly handled and properly equipped." (9) "If it be a fact, the mere fact that the property of the plaintiff was discovered to be on fire soon after the passage of one of defendant's engines raised no presumption that said fire had originated by sparks escaping from said engine." (13) "While the law is that, when a fire is proved to have been caused by fire escaping from an engine of a railroad company, the presumption of negligence arises, it is not a rule of liability, but only casts upon the defendant the burden of proof to show that its engines were properly equipped, and properly handled, and when the railroad

company repels the inference of negligence by proof of the proper construction of its engines and the use of proper appliances and careful management, the plaintiff cannot recover in the action unless the plaintiff should reasonably satisfy the jury from the evidence of other negligence or want of care on the part of the railroad company." (7) "If you believe from the evidence that the engine was properly equipped with a spark arrester of approved utility, and that the engine was properly managed, then you must find a verdict for the dedefendant, even if you should be reasonably satisfied from all the evidence that the fire was caused by sparks from such engine." (12) "If you believe from the evidence that the engine of defendant was properly equipped and properly handled, then the defendant has discharged his duty and is not lable for the burning of the property of plaintiff, even if you should believe from the evidence that the engine set fire to the property as it passed." (36) "If you believe from the evidence that the spark arrester of defendant's engine 118 was properly equipped and in good condition, and that this engine was properly managed by competent employees in passing plaintiff's property, then you cannot find a verdict for plaintiff on account of any damage that may have been caused by sparks coming from or emitted by engine 118." (8) "The mere fact that a fire occurred, and that defendant's locomotive or engine passed at or about the time of the fire, does not raise the presumption that the fire was caused by the defendant company, or that it was guilty of negligence in igniting or setting out said fire." (16) "Evidence which merely tends to show that the fire originated from the sparks from defendant's engine is not of itself sufficient to shift the burden of proof upon the defendant that its appliances for arresting sparks, and the management of its train

was free from negligence." (18) "If you are reasonably satisfied from all the evidence in this case that the watch man of plaintiff saw the engine pass by the factory of plaintiff on defendant's track, throwing sparks of un- usual size or in unusual quantities, or of dangerous size, on or near the property of the plaintiff, and knew that such sparks would likely, or probably set fire to such property, and could have extinguished such sparks, but negligently failed to do so, then you must find a ver- dict for defendant, if you are reasonably satisfied from the evidence that such sparks proximately caused the fire." (19) Same as 18, except it names two persons as watchmen or employees of plaintiff. (20) Same as 18 and 19. (30) "If there is any individual juror who is not reasonably satisfied from all the evidence in this case that plaintiff should recover, then you cannot find a ver- dict for the plaintiff." (40) "The defendant had a right to run its trains and engines, operated by steam, gen- erated by fire, over its tracks at such rate of speed as was reasonably necessary to do its work, and to throw sparks from such engines as may be necessary in such operation, provided the said engines are properly equip- ped and properly managed by competent servants."

The third count claimed damages for negligently set- ting fire to and burning a certain building which was leased and used by plaintiff as a manufacturing plant, and which said building was in possession of plaintiff on the day aforesaid.

The following charges were refused to plaintiff: A. "If you are reasonably satisfied from the evidence in this case that the plaintiff's factory was set on fire by sparks emitted from the engine of the defendant, and that said sparks were thrown about 125 feet to plaintiff's prop- erty, then you must find for the plaintiff." B. "If you find, under the evidence, that sparks thrown from de-

fendant's engine set fire to plaintiff's property and that said sparks were thrown 125 feet, the plaintiff is entitled to recover in this case."

HARSH, BEDDOW & FITTS, and L. J. HALEY, for appellant. The court erred in overruling demurrers to the third plea interposed by defendant.—*A. G. S. v. Planters W. & C. Co.*, 153 Ala. 242; *So. Ry. v. Darling,* 156 Ala. 312; *Sherrill v. L. & N.*, 148 Ala. 1; *A. G. S. v. Johnson,* 128 Ala. 284; *L. & N. v. Marbury L. Co.*, 125 Ala. 239; Beech on Contributory Negligence, secs. 235-9; 2 Sherman & Redfield sec. 686-82. The court erred in excluding evidence that a cigarette could have been lighted from the sparks emitted on that occasion.—*Mattison v. State,* 55 Ala. 233; Jones on Evid. sec. 360, and cases cited in note on page 451. It was competent to show that fire had been set out on several occasions before and after the particular fire in question, and that the railroad company had been notified thereof.—*A. G. S. v. Johnson, supra; Mattison v. State, supra;* 91 U. S. 454; 27 Am. St. Rep. 658; 32 N. Y. 339. On these authorities, the other assignments of error as to evidence should be sustained. Plaintiff was entitled to have charges A and B given.—*L. & N. v. Malone,* 109 Ala. 517; *L. & N. v. Marbury L. Co., supra; L. & N. v. Taylor,* 129 Ala. 238; *L. & N. v. Sherrill,* 152 Ala. 213. The court should have refused charge 14 requested by plaintiff.—*So. Ry. v. Darwin, supra; L. & N. v. Malone, supra; A. G. S. v. Sanders,* 145 Ala. 452. On the last authority cited, charge 9 was improperly given. Charge 11 should have been refused.—*A. G. S. v. Sanders, supra; So. Ry. v. Darwin, supra; So. Ry. v. Clark,* 145 Ala. 460; *Farley v. M. & O.*, 149 Ala. 555; 17 L. R. A. 33. Charge 14½ should have been refused on these authorities. Charge 12 should have been refused.—*B. R.*

*L. & P. Co. v. Hinton,* 141 Ala. 606. Charge 13 should have been refused.—*So Ry. v. Johnson,* 141 Ala. 576; *Sherrill v. L. & N., supra.* Counsel discuss other assignments of error relative to the charges given for defendant, and on the above authorities insist that the court was in error. They also cite the following additional authorities.—*L. & N. v. Miller,* 109 Ala. 500; 3 A. & E. Enc. of Law, 487; 44 N. E. 45; *L. & N. v. Reese,* 85 Ala. 498.

A. G. & E. D. SMITH, for appellee. The bill of exceptions was not filed until more than twelve months after the case was tried, and cannot be considered except as to questions arising upon motion for the new trial.— *McLeod v. Flournoy,* 3 Ala. App. 547; *Cassels Mills v. Strata Bros.,* 166 Ala. 274. Plea 3 was a good plea of contributory negligence.—*L. & N. v. Sullivan T. Co.,* 138 Ala. 379; s. c. 163 Ala. 125; *A. G. S. v. Roach,* 110 Ala. 266; *New C. & C. Co. v. Kilgore,* 162 Ala. 642. General allegations on motions for new trial will not be considered, by the trial or the appellate court.—*Cassells Mills Case, supra.* Nor will the court consider on this appeal matters not presented for review on the motion for new trial. The court properly refused charges A and B requested by appellant.—*A. G. S. v. Taylor,* 129 Ala. 238. Charge 7 was properly given for appellee.—*L. & N. v. Reese,* 85 Ala. 497; *L. & N. v. Malone,* 109 Ala. 509; *L. & N. v. Marbury L. Co.,* 125 Ala. 237; s. c. 132 Ala. 520; *So. Ry. Co. v. Dickins,* 49 South. 766; *A. G. S. v. Sanders,* 145 Ala. 452; *B. R. L. & P. Co. v. Hinton,* 48 South. 546. Under these authorities, charges 8, 11, 12, 13, 14, 14½, 16, 18, 20 and 30 were properly given. Charge 38 was properly given.—*Warren v. Wagern,* 75 Ala. 188; *Cook v. Anderson,* 85 Ala. 99; 24 Cyc. 1072.

DE GRAFFENRIED, J.—The plaintiff, J. H. Mc-
Cary, had a manufacturing plant which was destroyed
by fire. The plant was situated near the tracks of the
defendant, the Alabama Great Southern Railroad Com-
pany. The fire occurred after 1 o'clock a. m. of Novem-
ber 12, 1908, and before 4 o'clock a. m. of that day. The
plaintiff, being of the opinion that his plant was set fire
to by sparks emitted from a passing locomotive of the
defendant and that the sparks were emitted by the lo-
comotive either on account of its improper construc-
tion or equipment or on account of the negligent man-
ner in which it was, at the time the sparks were emit-
ted, handled by the servants of the defendant who had
control of it, brought this suit against the defendant
to recover the value of the property destroyed by the
fire.

There was evidence on the part of the plaintiff tend-
ing to show that shortly before the fire was discovered
a locomotive of the defendant passed the property; that
the wind, at that time, was blowing *from* the direction
of the defendant's tracks *to* the manufacturing plant;
that the locomotive was, at that time, emitting sparks
of unusual size and in unusual quantities; and that
many of the sparks fell a distance of 125 feet from the
locomotive onto some of the inflammable portions of
the defendant's plant. Some of the evidence of the
plaintiff tended to show that, when the sparks fell upon
the defendant's property as above stated, they were alive
and of unusual size, and that some of the servants of
the plaintiff stamped out such sparks as they saw fall
upon the property. One of the witnesses testified, among
other things, that: "I do not think there is an engine
in existence but which will throw more or less live
sparks. I will say that it is possible, but not proba-
ble, that an engine properly equipped with either of

those standard fittings there will throw crowds of sparks and lumps of fire 125 feet away from the track on which it is running. The faster an engine is running the farther the sparks fly from the engine, not to the sides, but backwards. I do not think it would be possible for an engine properly equipped with that wire to throw live sparks and cinders 125 feet off to one side. If the wire was worn out that would make a different state of affairs. It could do it then."

The quoted testimony was the opinion of an expert, and in that opinion, in one place he says that it is possible but not probable for a properly equipped engine to throw live sparks 125 feet, and in another place he says that he does not think that such an engine properly equipped and handled could possibly throw live sparks 125 feet. Other experts testified that, in their opinion, a properly equipped and managed engine could not possibly throw live sparks a distance of 125 feet.

The evidence of the defendant tended to show that the engine referred to was properly equipped and handled; that it threw out no sparks, or, if so, that they were not of unusual size and not in unusual quantities; that the wind was blowing from the direction of the plaintiff's plant *to* the railroad; and that no engine of the defendant had passed the particular point for a considerable period before the fire.

There was a jury and a verdict for the defendant, and a judgment of the trial court following the verdict. Thereupon the plaintiff filed in the cause a motion for a new trial. This motion was continued from time to time and was finally heard by the trial judge *more* than twelve months *after* the final judgment had been rendered in the cause.

The bill of exceptions in this case was not filed until more than twelve months had elapsed after the trial of

the case, and, of course, cannot, on this appeal, be looked to for the purpose of revising actions or rulings of the trial judge on the main trial unless the "same questions were again presented and renewed on the motion for a new trial."—*Cobb v. Owen,* 150 Ala. 410, 43 South. 826; *Cassels' Mill v. Strater Bros. Grain Co.,* 166 Ala. 274, 51 South. 969.

(1) The proposition is well established that: "A person has the right to construct buildings on any part of his property, and to enjoy the same, without rendering himself liable to the negligence of a railroad company, · whereby they are destroyed by fire. * * * One is not guilty of contributory negligence in building a house near a railroad track, * * * if burned through the negligence of the company, though he knew the danger of fire was thereby increased."—*Southern Railway Co. v. Darwin, et al.,* 156 Ala. 311, 47 South. 314, 130 Am. St. Rep. 94. It is, however, also well established that when such a person, "in the presence of a seen danger —as where the fire has been set out—omits to do what prudence requires him to do" to protect himself from the loss, he is guilty of contributory negligence.

When the gravamen of the action or the plea is the "alleged nonfeasance or misfeasance of another, as a general rule, it is sufficient to aver the *facts* out of which the duty to act springs."—*L. & N. R. R. Co. v. Marbury Lumber Co.,* 125 Ala. 237, 28 South. 438, 50 L. R. A. 620. When the *facts* out of which the duty *to act* springs *are shown* with sufficient certainty and particularity, the negligent failure to so act may be averred in general terms.—*L. & N. R. R. Co. v. Marbury Lumber Co., supra.*

Of course, the facts set up in the complaint or plea must be sufficient to show a duty to *act,* and, if the com-

plaint or plea fails to show such facts, then the complaint or plea is subject to demurrer.

Plea 3 sets up a state of facts which, if true, shows with sufficient certainty that the servants of the plaintiff, acting within the line of their employment, knew of the danger to the plaintiff's property from the sparks after they had been thrown from the defendant's engine and after they had fallen on or near the plaintiff's property. In other words, plea 3 shows *facts* which cast the duty upon the plaintiff's servants to put out the sparks and thus prevent the plaintiff's injury, and the general allegation that they negligently failed to perform that duty and that the plaintiff's property was burned on that account was sufficient. Plea 3 was not subject to the plaintiff's demurrer.

(2) The only questions presented by the bill of exceptions (except the question as to the sufficiency of the evidence to support the verdict), which we can consider, are presented by certain charges which the trial judge refused to give to the jury at the written request of the plaintiff and certain charges which the court, at the written request of the defendant, gave to the jury. It may not, at this point, be improper for us to say that while charges which have a misleading tendency should *never* be given, at the request of either of the parties to a cause or by the court ex mero motu, the *giving* of such a charge to a jury will not work reversible error unless the appellate court is satisfied, after a candid reading of all the evidence in the case, that the jury were misled thereby. What we have above said with reference to charges which have a tendency to mislead applies with equal force to those which are involved, argumentative, or abstract. Such charges should never be given, but the giving of such charges will not work a reversal of a judgment at the hands of an appellate

court unless the record affirmatively shows that the aggrieved party was injured thereby. We are led to make these observations because several of the charges, which were given to the jury on behalf of the defendant were misleading in their tendency, some of them were argumentative, and some of them were involved.

(3) In the case of *L. & N. R. R. Co. v. Marbury Lumber Co., supra*, this court declared that the rule which requires a railroad company, when the *mere fact* that fire is created by sparks emitted by one of its passing engines is shown, to rebut the presumption that its engine was improperly equipped or improperly handled by proper proof, was not a rule of liability, but simply one of evidence; that the presumption which, in *such* a case, the railroad is required to overcome by proper proof, is one of law and not of fact; and that, in *such* a case, when such legal presumption is by such proper proof overcome, then, if there is no *other evidence* tending to show negligence on the part of the railroad company, such company may ask and receive affirmative instructions in its behalf. The presumption of negligence which the law indulges in such cases, not being a conclusive but a rebuttable presumption, may, in cases where there is *no* evidence tending to show negligence on the part of the railroad company except the *mere* fact that the fire originated from sparks emitted by a passing engine, by proper proof, *as a matter of law,* be broken down. It is for this reason that some courts, among them this court, have said that the presumption to which we refer is weak and inconclusive.

When, however, there is *other* evidence in a case besides the *mere* fact that the fire originated as we have above stated, *then* the question of negligence vel non becomes a question of *fact* for the jury, and the jury must determine that question of *fact* from the evidence in the

case. In such a case a trial judge may well charge the
jury that the mere fact that fire originates from sparks
emitted by a passing engine is prima facie evidence only
that the railroad company was guilty of negligence in
the equipment or management of its engine, and that
such railroad company may, by evidence sufficient to
reasonably satisfy the jury that, on the named occasion,
its engine was properly equipped and properly handled,
overcome such prima facie presumption.

In such a case—where the evidence is such as to pre-
sent a question of fact for the determination of the jury
and not a mere question of law for the court—the trial
judge should not, however, charge the jury that the
*legal presumption* to which we have above referred is
weak and inconclusive, as such a statement is calcu-
lated to mislead the jury; such a statement might tend
to lead a jury not skilled in drawing distinctions be-
tween presumptions of law and the presumptions which
they, as jurors, are authorized to draw from the evi-
dence, into the belief that the facts in the case them-
selves were weak and inconclusive when, in truth, they
were neither weak nor inconclusive.

Charge 14, as applied to the facts of this case, was
misleading and argumentative and was calculated to
confuse the jury. The trial judge, for that reason, had
best refused it. In this case there was evidence which,
if believed, tended to show that the defendant's engine
was, on the occasion named, either improperly equipped
or improperly managed *independent of* and *in addition
to* the legal presumption which the law, for the purpose
of shifting the burden of proof, drew from the "mere
fact, if it be a fact," that the fire originated from sparks
emitted by a passing engine of the defendant. There
was evidence in the case tending to show that live
sparks of unusual size and in unusual quantities, on

the named occasion, were thrown by said engine a distance of 125 feet, and there was also evidence in the case from which the jury had the right to infer that *no properly equipped* and *well-handled* engine can possibly throw such sparks in such quantities such a distance. In fact, this identical charge was, in the case of *A. G. S. R. R. Co. v. Sanders,* 145 Ala. 452, 40 South. 402, condemned as argumentative, and in that case this court held that the trial court committed no error in refusing to give it to the jury.

While trial judges, as we have already said, should never give charges which have a misleading tendency, to a jury, we do not think that the judgment in this case should be reversed because the trial judge gave said charge 14 to the jury. The issues in this case, made by the evidence, were in sharp and positive conflict. If the evidence for the plaintiff was true, then the evidence for the defendant was untrue, and vice versa. The real question of fact, as we read the bill of exceptions in this case, was whether sparks from the defendant's engine actually set fire to the plaintiff's property or whether the property caught fire in some other way. At any rate, charge 14 could have been explained by the giving of an explanatory charge at the request of the plaintiff, and the plaintiff might well have asked such a charge. We cannot say that it is manifest that the giving of charge 14 to the jury misled the jury to the prejudice of the appellant, and for that reason this judgment should not be reversed on account of the giving of said charge.—*Goldsmith v. McCafferty,* 101 Ala. 663, 15 South. 244.

(4) Charge 14¼ states the law correctly as applied to the facts of this case. Of course, it was for the jury, under the evidence, to say whether, after considering all the evidence in the case, they were reasonably satisfied that the engine was of proper construction, was equip-

ped with proper devices and appliances to permit the escape of fire and sparks, was in good repair, and prudently managed and controlled at the time of the alleged injury. If all these elements concurred, then there could not have been an act of negligence, either on the part of the defendant or any of its servants or agents, reasonably inferred from any of the evidence in the case.

(5) In this case there was no evidence tending to show that there was any defect in the defendant's track or that it was guilty of any negligence, unless that negligence consisted in the improper equipment of its locomotive or in the way in which it was handled. There was evidence from which the jury had the right to infer, if they believed that evidence, that the locomotive was either improperly equipped or improperly handled. The court committed no error in giving charge 11 to the jury.—*Farley v. M. & O. R. R. Co.,* 149 Ala. 557, 42 South. 747.

(6) Charge 9 was argumentative and possessed a misleading tendency, and for this reason the trial judge might well have refused it.—*B. R. L. & P. Co. v. Hinton,* 158 Ala. 470, 48 South. 546; *Southern Ry. Co. v. Dickens* 161 Ala. 144, 49 South. 766; *Ala. G. S. R. R. Co. v. Sanders, supra.* We are not able to say, however, that the jury was actually misled by the charge, and for that reason are of the opinion that the giving of it to the jury should not operate to reverse the judgment.—*Goldsmith v. McCafferty, supra.*

(7) While charge 13 was argumentative, and as applied to the evidence in this case possibly possessed a misleading tendency, the giving of the charge to the jury cannot be held to be a reversible error.

(8) As applied to the evidence in this case, charges 7, 12, and 36 were correct statements of law. There was no evidence that the defendant was guilty of an act

of negligence unless that negligence consisted in the improper equipment of the engine or in its improper management.

(9) For the reasons set out in subdivision 6 of this opinion, the trial court cannot be put in error for giving charges 8 and 16 to the jury.

(10) For the reasons set out in subdivision 1 of this opinion, charges 18, 19, and 20 were properly given to the jury at the defendant's written request.

(11) Charge 40, as applied to the conflicting evidence in this case, correctly states the law.—*Southern Ry. Co. v. Dickens,* 161 Ala. 144, 49 South. 766.

(12) The verdict of the jury in this case was for the defendant. By that verdict the jury determined that none of the plaintiff's property was destroyed by a fire which was due to the negligent causation of the defendant or of its servants or agents. Under the first, second, and fourth counts of the complaint there certainly would have been a verdict for the plaintiff for something unless the jury had determined as above stated. This being true, the trial judge certainly did not injure the plaintiff by eliminating count 3 from the complaint.

(13) The court was not authorized, under the conflicting evidence in this case, to charge the jury that if they were reasonably satisfied from the evidence that the plaintiff's property was set on fire by sparks emitted from an engine of the defendant, and that the said sparks were thrown about 125 feet to plaintiff's property, they should find for the plaintiff.

The trial court properly refused to give charges A and B which the plaintiff requested it to give the jury. —*A. G. S. R. R. Co. v. Taylor,* 129 Ala. 238, 29 South. 673.

(14) Charge No. 30, given at the request of the defendant, has been frequently approved by this court.

[Anderson v. Robinson.]

The trial court committed no error in giving this charge to the jury.

(15) The giving of charge X to the jury was not made a ground of the plaintiff's motion for a new trial, and we are therefore without authority to consider it on this appeal.

(16) The evidence on behalf of the plaintiff and the defendant in this case was, in many material ways, in a state of serious and sharp conflict. The jury was the forum to try the disputed issues of fact, and we are not of the opinion that their finding should be disturbed.

We find no reversible error in the record. The judgment of the court below is therefore affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.