# Alabama Great Southern Railroad Co. *v.* Loveman Compress Co.

### Setting Out Fire.

(Decided May 11, 1916.   Rehearing denied June 30, 1916.
72 South. 311.)

1. **Pleading; Demurrer; Verification.**—A plea in abatement when required to be verified under § 5332, Code 1907, is demurrable if not verified, although it was subject to motion to strike on the same ground.

2. **Evidence; Opinion; Value.**—A non expert may give an opinion as to value.

3. **Same; Amount of Insurance.**—Where the action was against a railroad for the destruction of property by fire, it is not proper to permit evidence as to the amount of insurance on the burned property, since it could not properly tend to establish the value of the property.

4. **Corporations; Ultra Vires; Contract Exempting From Liability.**—A contract between a railroad company and a corporation, whereby the railroad company is exempted from negligent fires in consideration of the use of the part of the railroad's right of way in connection with the business of the corporation, is void as ultra vires the corporation if it is not authorized by the charter of the corporation.

5. **Same; Ratification by Stockholders.**—By a ratification thereof the stockholders of a corporation may render binding acts done which are within the powers of the corporation, although ultra vires its officers or a mere majority of the stockholders, but they cannot ratify acts done ultra vires the corporation.

6. **Railroads; Setting Out Fire; Burden of Proof.**—Where the action was against a railroad for negligently setting out fire, and the negligence is alleged generally, proof that the fire was caused by sparks from the railroad locomotive, makes out a prima facie case for the plaintiff.

7. **Same.**—In such an action, such a prima facie case casts the burden on defendant of proving not only the proper equipment and construction of the locomotive, but that it was properly and skillfully operated.

[Alabama Great Southern Railroad Co. v. Loveman Compress Co.]

8. **Same; Jury Question.**—In this case, it was for the jury under the evidence to determine the origin of the fire, as well as the sufficiency of the equipment, construction and operation of the locomotive.

9. **Same; Instructions.**—A charge asserting that the mere fact, if it be a fact, that the property of plaintiff was discovered to be on fire soon after the passing of one of defendant's locomotives, raised no presumption that said fire had originated by sparks escaping from the said engine, is not only argumentative, but ignored other facts tending to show that the engine set out the fire.

10. **Same.**—A charge asserting that if the jury believe from the evidence that defendant used a spark arrester of an approved pattern in general use, which upon inspection by competent persons at or about the time of the fire mentioned, appeared to be in good condition, and that said engine was run and handled by a competent and skillful engineer, in the ordinary manner of handling such engine, at the time and place when and where such injury occurred, and if you further believe that said fire originated by the sparks escaping through such spark arrester your verdict should be for defendant, etc., was properly refused as omitting mention of the requirement of a properly constructed engine.

11. **Charge of Court; Covered by Those Given.**—It is not error to refuse charges substantially covered by charges given.

12. **Corporations; Ultra Vires; Ratification.**—Acts ultra vires the corporation because not authorized by its charter or necessarily incident to its charter powers, cannot be ratified by the stockholders under § 233, Constitution 1901.

APPEAL from Sumter Circuit Court.

Heard before Hon. BERNARD HARWOOD.

Action by the Loveman Compress Company against the Alabama Great Southern Railroad Company, for the destruction of a compress and equipment. Judgment for plaintiff, and defendant appeals. Affirmed.

Count 2 of the complaint is as follows:

Plaintiff claims of defendant the sum of $15,000 damages for that on, to-wit, the 28th day of January, 1914, the defendant, its servant or agent, while acting within the line or scope of their employment, negligently set fire to and destroyed the following described property. [Here follows a description of the building and machinery which are alleged to have been adjacent to and near defendant's right of way at or near or in the town of Epps, Ala., in Sumter county.] Plaintiff avers that on said date plaintiff was the owner of said property, and was damaged in the amount sued for.

Plea 8 was, in substance, that plaintiff had no interest in the subject-matter of the suit, in that plaintiff had insured the property which was destroyed by fire in an insurance company for

$5,000, and that after the fire and destruction of said compress, damages for which this suit is brought, the insurance company paid to plaintiff the insured value of said compress, and plaintiff accepted from said insurance company said payment in satisfaction of its claim, and has assigned any right of action which it may have had with respect thereto to the insurance company. The indemnity contract referred to sufficiently appears.   The following charges were refused to the defendant:

(1)  Affirmative charge.

(3)  If the jury believe from the evidence that the damage complained of in the complaint was caused by sparks from defendant's engine, run and operated upon its said road, the plaintiff is not entitled to recover if the jury should further believe from the evidence that defendant's engine was equipped with modern and improved spark arresters, such as are used on well-regulated railways.

(5)  The evidence is uncontroverted that the engine which it is alleged caused the fire was in good condition at the time of the injury complained of.

(9)  Under the evidence in this case, the engine of the plaintiff was properly handled and properly equipped, and plaintiff is not entitled to recover in this instance.

(24)  Same as 3, with amplification as to inspection.

(8)  The court charges the jury that the mere fact, if it be a fact, that the property of plaintiff was discovered to be on fire soon after the passage of one of defendant's engines raised no presumption that said fire had originated by sparks escaping from said engine.

(12)  The court charges the jury that while the law is that, when a fire is proven to have been caused by fire escaping from an engine of the railroad company, the presumption of negligence arises, it is not a rule of liability, but only casts upon the defendant the burden of proof to show that its engine was properly equipped and properly handled, and when the railroad company repels the inference of negligence by proof of the proper construction of its engine, and the use of proper appliances and careful management, the plaintiff cannot recover, unless the plaintiff should reasonably satisfy the jury by the evidence of other negligence or want of care on the part of the railroad company.

(4) If·the jury believe from the evidence that defendant used a spark arrester of an approved pattern in general use, which, upon inspection, by competent persons at or about the time of the fire mentioned, appeared to be in good condition, and that said engine was run and handled by a competent and skillful engineer in the ordinary manner of handling such engine, at the time and place when and where said injury occurred, and if you should further believe that said fire originated by the sparks escaping through such spark arrester, the defendant is not liable for the injury resulting from such fire, and your verdict should be for defendant.

A. G. & E. D. SMITH, and J. T. STOKELY, for appellant. FOSTER, VERNER & RICE,·for appellee.

ANDERSON, C. J.—(1) Defendant's plea 8 is such a plea in abatement as is required to be verified by section 5332 of the Code of 1907, and was demurred to because not verified, and the trial court did not err in sustaining the demurrer. It might be that it could have been stricken on this account, but it could also have been eradicated by a demurrer.—*Moore Bros. v. Cowan,* 173 Ala. 536, 55 South. 903.

(2) The only ground of objection to the evidence of the witness Barnes as to the value of the compress was that "he was not shown to be an expert in the valuation of property of this kind." A nonexpert can give an opinion as to value.—*Southern R. R. v. Morris,* 143 Ala. 628, 51 South. 308; *Vandegrift v. State,* 151 Ala. 105, 43 South. 852.

(3) There was no error in sustaining the plaintiff's objection to the questions to the witness Hester as to the amount of insurance on the compress, as the answer to same could not properly tend to establish the value of said compress.

(4, 5) The defendant set up as a special defense an indemnity against liability for the negligent destruction of the property, arising out of a contract or lease between it and the plaintiff, whereby the defendant was to be held harmless for the things now complained of in consideration of the use of a part of its right of way by the plaintiff in connection with its compress business. The court did not hold that the said indemnity clause was void as being contrary to public policy, but affirmatively eliminated this defense because the same was ultra vires as to

the plaintiff corporation. Hence the case of *A. G. S. R. R. Co. v. Demoville*, 167 Ala. 292, 52 South. 406, has no application to the powers of this plaintiff, under its charter, as it deals only with the validity vel non of such contracts with reference to public policy, and, as above stated, the contract in question was not condemned as being violative of public policy, but because ultra vires the plaintiff corporation. The plaintiff's charter was introduced in evidence, and while it gives general powers as to the things therein enumerated, including the right to buy, sell, and hold real estate, and which would include the right to lease the same, there is nothing in the charter expressly or by necessary implication that would authorize it to indemnify the defendant against its negligence and willful and wanton misconduct as provided in the clause of the lease relied upon by the defendant. We therefore think that the trial court properly ruled, in the oral charge and by giving and refusing certain special charges, that the clause in question was not binding upon the plaintiff.— *Steiner & Lobman v. Steiner & Co.*, 120 Ala. 128, 26 South. 494, and cases there cited; *Gulf Yellow Pine Co. v. Chapman & Co.*, 159 Ala. 444, 48 South. 662. It is contended by appellant's counsel that, even if the thing contracted for was ultra vires the corporation, it could have been ratified by the action or acquiescence for several years of the stockholders, and we are cited to the case of *Jordan & Co. v. Collins & Co.*, 107 Ala. 572, 18 South. 137. This contention finds support in an expression in said *Jordan Case, supra*, but this expression was pronounced dictum in the well-considered opinion in the *Steiner Case, supra*, wherein the true rule was announced, in effect, as follows: The stockholders may, by ratification, render binding acts done which are within the powers of the corporation, but ultra vires its officers, or of a mere majority of its stockholders, but they cannot ratify acts ultra vires the corporation. We do not think that the case of *Morgan v. Donovan*, 58 Ala. 241, supports in point, or by analogy, the charter power of the plaintiff to guarantee the indemnity provided in the lease contract.

(6-8) The fifth proposition, as insisted upon in brief of appellant's counsel, groups defendant's refused charges 1, 3, 5, 9, and 24. We do not think that count 2 of the complaint in the case at bar is similar to count 1, discussed in the opinion in the case of *Tinney v. Central of Ga. R. R. Co.*, 129 Ala. 523, 30 South. 623. There the negligence charged as causing the fire was in the

operation of the train, and as the fire may have been caused as a result of the defective equipment or construction of same, proof of the fire by the locomotive did not make out a prima facie case under a charge of but one of the alternative causes, for the fire may have resulted from the cause not charged. That is the defect in the equipment or construction. Here count 2 is much broader than the one discussed in the *Tinney Case.* It charges that the servants and agents, etc., "negligently set fire to and destroyed" the property, etc. This count was broad enough to cover a negligent burning, whether resulting from the operation and handling of the locomotive or from a defective construction or equipment of same, and proof that the fire was caused by sparks from said locomotive make out a prima facie case for the plaintiff, and cast the burden upon the defendant of overcoming this presumption by proving, not only a proper equipment and construction of the locomotive, but that it was properly and skillfully operated, and it was a question for the jury, both as to the origin of the fire as well as the equipment, construction, and operation of the locomotive. It is sufficient to say that the trial court committed no reversible error in refusing these charges, or any of them. Counsel do not discuss them separately, and we do not therefore deem it necessary to point out the infirmities of each of them separately and severally.

(9) There was no error in refusing charge 8, requested by the defendant. If not otherwise bad, it was argumentative, and ignores other facts tending to show that the train set fire to the compress.—*McCary v. A. G. S. R. R. Co.*, 182 Ala. 597, 62 South. 18. The expression in the case of *Southern R. R. Co. v. Dickens,* 161 Ala. 144, 49 South. 768, somewhat similar to this charge, is no doubt sound, but every expression in an opinion does not mean that it can properly be embodied in a written charge. Moreover, the charge in question pretermits from the facts thereby hypothesized the words "without more," as used in the opinion in the *Dickens Case, supra.*

(10, 11) Charge 4, refused defendant, is perhaps subject to several points of criticism, one of which is pretermitting a properly constructed engine.—*A. G. S. R. R. Co. v. Davenport,* 195 Ala. 368, 70 South. 674. Moreover, the defendant got the full benefit of this charge in its given charge 6. It would seem that a charge quite similar to defendant's refused charge 12 was criticised as argumentative and misleading in the case of *McCary*

*v. A. G. S. R. R. Co.*, 182 Ala. 597, 68 South. 18. But if this charge is not subject to the same criticism, its refusal cannot reverse this case, for the reason that the defendant got the full benefit of same under its given charge 14.

The judgment of the circuit court is affirmed.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.

### ON REHEARING.

ANDERSON, C. J.— (12) The appellant asks for a reconsideration of the holding in the original opinion that the indemnity contract as set up by the defendant was ultra vires the corporation, and that the same could not be ratified by the plaintiff. We are still of the opinion that the original holding is not only supported by the authorities cited, but also by *So. Mutual Association v. Boyd, et al.*, 145 Ala. 167, 41 South. 164; *Cleveland Chair Co. v. Greenville*, 146 Ala. 559, 41 South. 862, and cases there cited, as well as section 233 of the Constitution of 1901, and which says: "No corporation shall engage in any business other than that expressly authorized in its charter or articles of incorporation."

This provision of our organic law has been given force and effect in our decisions generally without relaxation, except perhaps, to the extent of upholding acts not only expressly authorized under the charter powers of the corporation, but which may be necessarily incidental for carrying out the objects of their charters. Therefore, unless the act is expressly authorized by the charter or is necessarily incident to the powers for carrying out the objects of the charter, it is ultra vires the corporation.

The appellant recognizes the existence, in this state, of the rule as above declared, but contends that it has been relaxed to some extent by two recent decisions of this court, being *Sales-Davis Co. v. Henderson-Boyd Co.*, 193 Ala. 166, 69 South. 527, and *United States Foundry Co. v. Bailey*, 194 Ala. 261, 69 South. 825. We do not think that the holding in the *Henderson-Boyd Case, supra*, departs from the rule existing in this state, as the opinion recognizes that the contract between the two corporations, in order to be binding, must have been within the charter powers of both. It is true that the opinion quotes from Cook on Corporations as to what the rule is, provided the state and stock-

holders and creditors do not object, and which said quotation was inapt and misleading without a notation of the fact that this state does object to such a rule or doctrine under the terms of section 233 of the Constitution and as previously enforced by the decisions of this court.

In the case of *United States Foundry Co. v. Bailey, supra,* 69 South. 825, there are expressions in the first part of the opinion which may not state the rule accurately, but we think that the real holding was that the corporation could do things only as authorized by its charter or necessarily incident to its charter powers.