(119 So. 218)

GOODGAME v. LOUISVILLE & N. R. CO. et al. (5 Div. 989.)

Supreme Court of Alabama. Dec. 20, 1928.

Grady Reynolds and Omar L. Reynolds, both of Clanton, and Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellant.

· Lawrence F. Gerald, of Clanton, and Steiner, Crum & Weil, of Montgomery, for appellees.

FOSTER, J. This court has defined the law pertaining to the subject of this litigation in numerous cases. Some of them may be mentioned as follows: Pettus v. L. & N. R. R. Co., 214 Ala. 191, 106 So.· 807; Wilson Bros. v. M. & O. R. R. Co., 208 Ala. 581, 94 So. 721; Id., 207 Ala. 171, 92 So. 246; A. G. S. R. R. Co. v. Davenport, 195 Ala. 368, 70 So. 674; L. & N. R. R. Co. v. Reese, 85 Ala. 502, 5 So. 283, 7 Am. St. Rep. 66; A. G. S. R. R. Co. v. Hanbury, 161 Ala. 358, 49 So. 467; A. G. S. R. R. Co. v. Loveman, 196 Ala. 683, 72 So. 311; So. Ry. Co. v. Dickens, 161 Ala. 144, 49 So. 766. The burden of proof as to the respective parties is fully stated in these cases, and it is unnecessary to repeat it here.

 Appellant insists that charge No. 2 violates the rules, because (1) it misplaces the burden and (2) requires that the negligence be a corporate act, excluding the negligence of a servant. The charge only undertakes to state a principle of law. It does not mention the burden of proof. It does not predicate a verdict upon any particular finding by the jury. The charge merely states in effect that the basis of the right of recovery against the railroad company is the negligence of such company. No one has ever questioned that since our cases have defined the principles of law pertaining to such circumstances. No one now contends that the railroad company is an insurer against loss by fire set out from its engines. The owner of the property should have proof either directly or circumstantially that the train of defendant set the fire causing the injury. There is sufficient circumstantial evidence here for submission of the question to the jury. The burden is on the railroad to acquit itself of negligence in that respect, if the jury finds that the railroad caused the fire as charged. A. G. S. R. R. Co. v. Davenport, supra. This for the reason that whether there was negligence in fact is peculiarly within the knowledge of the railroad. But it does not mean that negligence is not a necessary element of recovery. Negligence is a material allegation of the complaint. The law will indulge a rebuttable presumption of negligence when it is shown that the engine set out the fire. But in every instance negligence is a necessary element, and must be alleged in the complaint. So. Ry. Co. v. Dick-

ens, supra. The court in its oral charge fully and properly explained to the jury the law as respects the burden of proof. Because the burden is on defendant to show want of negligence in certain circumstances does not make it any the less an essential element.

■■ As to the second objection made by appellant to this charge, we observe that the rule referred to does not apply to charges of negligence, but only to wanton or willful injuries. A charge of negligence to defendant is the same as if the charge were to the servant of the defendant, acting within the scope of his duty. But a charge of wantonness to defendant corporation charges a corporate act. B. C., I. & L. Co. v. Doak, 152 Ala. 166, 173, 44 So. 627, 12 L. R. A. (N. S.) 389; L. M. I. Co. v. Lea, 144 Ala. 169, 174, 39 So. 1017; B. R. L. & P. Co. v. Ella P. Moore, 148 Ala. 115, 42 So. 1024; Morrison v. Clark, 196 Ala. 670, 674, 72 So. 305; City Delivery Co. v. Henry, 139 Ala. 161, 34 So. 389; 31 Cyc. 1626.·

The complaint in this case does not attribute the negligence to the servants or agents of the defendant. The charge follows the complaint. Although the complaint charges negligence to the defendant, it may be proven by the negligence of its servants acting within the line and scope of their authority. The charge in this respect need not be more specific than the complaint. That the charge may have a misleading tendency in that respect does not make it reversible error.

■ Charge 4 is subject to the same comment as charge 2. In fact, it rather recognizes the burden of proving want of negligence to be on defendant, and that to the reasonable satisfaction of the jury. Certainly, as stated in this charge, it is the negligence of the defendant in causing the fire which is the foundation of the suit. And if the jury is reasonably satisfied that no such negligence caused the fire, there can be no recovery. While the jury should certainly not go outside the evidence to find the cause of the fire, the plaintiff must reasonably satisfy the jury that it was caused by defendant and not due to some other source. It was not speculative for the jury to find that the evidence did not reasonably show that the defendant caused the fire.

■ Charge 5 is a correct statement of a legal proposition. So. Ry. Co. v. Dickens, supra. While it is not always advisable simply to state to the jury a legal proposition, it is not error to do so, when it is correctly stated.

■ It is urged that charge 14 was error because, while it requires a want of negligence to be shown by defendant in the equipment and operation of the engine, it does not require want of negligence as to its condition; that is to say, it may be properly equipped but in bad condition. It is insisted that such is the proper interpretation of the opinion in Horton v. L. & N. R. R. Co., 161 Ala. 107, 49 So. 423. In this we cannot agree.

The charge considered in that case had a misleading tendency as to the burden of proof, but was held objectionable because it authorized a verdict for defendant though there was a defect in the engine. The charge used the word "defective," but it should have been preceded by "not." The rule is there stated to be that when plaintiff makes a prima facie case the burden is on defendant to show "that its locomotive was of proper construction and in good repair, and that the same was properly managed and controlled, * * *" and "properly equipped." The charge here in question is also different from that in McMillan v. Manistee, 161 Ala. 169, 49 So. 685, cited by appellant, for in that case there was no reference to equipment, whereas in the charge in question here such is specifically required. On the other hand, the law is stated in Douglass v. Cent. of Ga., 201 Ala. 395, 78 So. 457, to be as stated in the charge, that is, that the three requisites are the (1) proper construction, (2) proper equipment, and (3) proper management. All three are stated in this charge. If the engine was in bad condition, it could only result from improper construction or equipment at the time of the incident.

■ It is insisted by appellant that the motion for new trial should have been granted. It is insisted that some other engine than that operated by McGregor may have set out the fire, and that there was no evidence as to the condition and operation of the others. There is no direct proof that any engine set out the fire. The strongest tendency of the circumstantial evidence related to the McGregor engine. It was a question for the jury, and not a presumption of law, that any engine set it out. The evidence in that respect was wholly circumstantial. Deason v. A. G. S. R. R. Co., 186 Ala. 104, 65 So. 172. The court charged the jury very clearly, fully, and correctly. They were instructed in effect to find from the evidence whether any engine of defendant set the fire, and, if they so found, then the defendant must show to the reasonable satisfaction of the jury the proper construction, equipment, repair, and operation of that engine. The jury, having found for defendant, must have concluded either that no engine of defendant set the fire, or, if one did, then it was the McGregor engine, and that it was properly constructed, equipped, and operated, and therefore the fire was not the result of negligence of defendant. There must be evidence from which the jury is reasonably satisfied that a certain engine set the fire before there is any burden on defendant as to such engine.

We are not convinced that the preponderance of the evidence was so decided against the verdict as to convince us clearly that the verdict should be set aside, and that the action of the trial judge in overruling the motion was clearly erroneous. B. R. & E.

Co. v. Mason, 144 Ala. 387, 39 So. 590, 6 Ann. Cas. 929.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.